The next case is No. 05-7106, Morales J. King v. Secretary of Veterans Affairs, Mr. Fetty. Good morning, ma'am. Please, the Court. This case is about clearly erroneous decisions. This case is not about clear and unmistakable error. As this Court concluded in Maggott v. West, 202 F. 3rd, 1370-1377, the Court of Appeals for Veterans Claims has jurisdiction to hear arguments presented in the first instance, provided the Court otherwise has jurisdiction over the veteran's claim. The Court of Appeals for Veterans Claims had jurisdiction over the veteran's continued claim for total disability due to individual unemployability benefits retroacted to the 1978 reduction of his original 1976 total disability due to individual unemployability rating because the benefit sought, not the arguments made, defined jurisdiction under Maggott. The issue before the Court of Appeals for Veterans Claims was the veteran's request for the benefit of an earlier effective date retroactive to 1978 reduction as requested in his August 21, 1988 letter. That letter expressly requested that his rating be increased from 50 to 100 percent retroactive to that 1978 reduction. The issue before the Board on March 20, 1998 and September 28, 2001 was also the same claim for an earlier effective date. In fact, the Board described it as entitlement to an effective date earlier than August 24, 1988 for a 100 percent disability rating. And the Board even relied upon the veteran's August 21, 1988 letter to establish the current effective date, but that letter expressly requested an effective date retroactive to the 1978 reduction. But there was a final 1978 decision which was not appealed, correct? The appeal was not perfected. That is correct. Right. So that decision is final. So why, I mean, you know, I understand this is all a little confusing, but why do you not need, I mean, as I understand the government's position is that you need to file a CUE claim, a clear and unmistakable error, because what you're doing in essence is challenging the finality of that decision. You're right. Am I, you know, is that the way you understand it as well? Well, Your Honor, it's not exactly a challenge to that decision. It's based upon the veteran's notice of disagreement, if you will, in the August 21, 1988 letter in which he asked for a return to his 1976 total disability rating that was reduced in 1978. Perhaps the same question. Doesn't that necessarily require them showing, taking the position that the reduction was erroneous? Your Honor, if he was challenging that particular decision, then he would have to challenge it that way, but this was a claim presented to the regional office via the August 28, or August 21, 1988 letter. But unless it was erroneous, the retroactivity will not succeed. Isn't that right? Well, it's... The basis of the retroactivity is because it is established that it should not have been reduced. Right, Your Honor, that is correct. But instead of attacking it as clear and unmistakable error, he submitted a new claim to the regional office, which, in fact, as counsel understands the law, the veteran could do today. But the veteran has already spent 20 plus years fighting the regional office, fighting the board, finally gets to the Court of Appeals for Veterans claims. By this time, it's so far lost in the back that no one's paying attention to the original August 21, 1980 letter that's saying, please reinstate my benefits back to 1978. It's being lost in the passage of time, Your Honor. But you're saying that, therefore, it must automatically be assumed or presumed that it was incorrect, whether it's Q or something else, that it was incorrect? No, absolutely not, Your Honor. It shouldn't be assumed anything. What needs to happen is that the board, initially, and then, of course, now the Court of Appeals for Veterans claims, needs to consider the notice of disagreement that the veteran sent to the regional office in the form of the August 21, 1988 letter. That notice of disagreement has never been addressed. In fact, the current effective date... Under what standard? Under the CUE standards? I mean, do you, is this, are you just, is your argument simply that this is form over substance so he can present his CUE claim in the context of what's pending now? No, absolutely not, Your Honor. This is not, and this is not about clear and unmistakable error. It's about a clearly erroneous decision. The court... No, please. If I may, the Court of Appeals for Veterans claims dismissed the veteran's case for lack of jurisdiction. The Court of Appeals had previously remanded the case. The Court of Appeals has not looked at the decisions of the board, specifically the most recent, September 28, 2001 decision, in which the board failed to examine the veteran's request in the August 21, 1988 letter, which was retroactive to 1978. The only thing the board did, well, initially, I should say, the board said, oh, well, we'll give it to you back to the last day you worked, which happened to be February 12, 1990. And then, when the veteran does file his notice of disagreement and move forward with the case again, they say, oh, wait a minute, we'll go ahead and give it to you now, back to the day we received your letter. So they're still not going back to what the veteran has asked. Please go back to my 1978 reduction. And I'm not going to go into the facts, of course, because we're not at that level, but if the Court of Appeals for Veterans claims did look at the facts of that 1978 reduction, there indeed they would find clear and unmistakable error. But isn't that the essence of it? The only theory, the only legal theory on which he should go back all the way to 1978 would be Mr. Cue. That's correct, Your Honor. That's correct. And the problem that I see the Court has is that the Cue argument was not pressed in the prior proceedings in this case before the board, and therefore the Court says it's not really before us in this proceeding, since that's the only route, as they saw it, to get you the relief you're looking for, that they say you have to press that separately in a case in which you haven't pressed it before. And that is correct, Your Honor. In the August 21, 1988 letter, this veteran who has been diagnosed as a schizophrenic with persecutory disorder was not capable of clarifying the issues well enough. And I cannot speak for that. All I can speak for is what the veteran tried to do, and he noticed his disagreement in that August 21, 1988 letter. And he has been fighting to get the regional office, the board, and now the Court of Appeals for Veterans Claims to look at that 1978 reduction. But there seems to be some continuing avoidance to look at that. Like I say, they went to February 12, 1990, the last day he worked. And then, oh, wait a minute, that's not good enough. We'll give you until August 24, 1988, the day that we received your letter. Well, the question is, when are these lower courts and these boards going to look at the 1978 reduction? And certainly that's not the issue before the court. The issue before the court is whether or not the Court of Appeals for Veterans Claims had jurisdiction to look at the board's decision, which failed to address the 1978 reduction, repeatedly over the years. Because the veteran, as I say, sent the letter on August 21, 1988, and here it is 2006. Well, it's true that they called it jurisdiction, but what they were doing, in fact, was looking at the record. They found that the 1978 decision stood and hadn't gone through these complexities for perhaps totally justifiable reasons. So when they did award the retroactivity to 1988 and called it jurisdiction, whatever it's called, they still had the fact, which they observed, that the statutorily or regulatorily required notice hadn't been presented after 1978. Now, let's set aside whether this is or isn't jurisdictional. You would still have to overcome the hurdle of that gap, wouldn't you? Well, Your Honor, that's the entire point, is that the board, in its September 28, 2001 decision, never addressed the 1978 reduction. Never addressed it. Never looked at it. Yes. Because, and they said the reason they didn't was because we have this 1988 letter and we don't have an O.D. or appeal or any other objection filed. Well, Your Honor, in fact... I'm sorry, Your Honor. In fact, the veteran did, prior to August 21, 1988, file his notice of disagreement, and that, in fact, resulted in the board increasing his rating to 50% on June 8, 1988. But that notice of agreement was filed in 86, right? It wasn't filed to the 78? Is that correct? That is correct, Your Honor. It was filed to the April 1, 1980, rating decision lowering it from 50 to 30%. When was it filed? Which one, Your Honor? The notice of disagreement that you say kept the 78 decision alive? There was a... Actually, Your Honor, there was... There was a notice of disagreement filed for the 1978 reduction, but as I stated earlier, Your Honor, that appeal was not perfected. However, when the regional office subjected him to another increase in 1980 and then confirmed that, or a decrease, I should say, Your Honor, and then confirmed that decrease in 1986, the veteran did file a notice of disagreement and did perfect the appeal to the board. And that's what initiated the process that has led us to this point today, 16 years later, Your Honor. Okay, let's hear from the governor. Thank you, Your Honor. May it please the court. This court should affirm the decision of the Court of Appeals for Veterans Claims dismissing Mr. King's appeal for lack of jurisdiction. Pursuant to 38 U.S.C. Section 5110A, the agency cannot award Mr. King an increased rating with an effective date earlier than the date that he filed his claim for an increase. Mr. King filed his claim for an increase on August 24, 1988, the effective date awarded by the board. Of course, I suppose that he had asserted a cue at that point. He could have, correct? If Mr. King had asserted a proper cue claim before the board or before the R.O., yes, he could have. And what would have been necessary to have, what would have been the ingredients of a proper cue claim that were missing from the claim that he made? His position all along has been that he is entitled to go back to 78. Now, the only way, the only route there, I suppose, other than material evidence, is cue, right? That's correct, Your Honor. And so how does, what's missing from his claim? I mean, he's said, this is the relief I want. What's missing from his claim that makes it fatal to his effort now to say that he has been asserting, in effect, a cue claim all along? Well, Your Honor, what is missing is that, as this court held in Andre v. Principi in 2002, a cue claim must describe the alleged error with specificity. And it must also provide the reasons as to why the result would have been different but for the alleged error. It's not enough for Mr. King to merely assert that a prior final decision contained cue. He has to assert that error with some degree of specificity, as this court held in its earlier decision. However, when you put that in the context of the requirement of a benevolent view of how veterans, especially those representing themselves, handle their interaction with the various veterans' boards, I'm sure you're not intending to say that a veteran, particularly one who is well-recognized at a very serious illness, should be held to the same standards as a member of the board. No, Your Honor. What we are saying is that Mr. King had to present some type of a cue claim and attempting to meet those standards. In this case, he did not perfect an appeal to either the 1978 decision, reducing his benefits, or the 1979 decision, or the 1980 decision. Well, we're not discussing whether he perfected an appeal. We know he didn't do that. The question is, what kind of objection did he raise to the decision? Well, Your Honor, as I believe is admitted in the brief, he did not even raise allegations of cue in the prior decisions. He first raised allegations of cue on appeal to the Veterans Court. You mean he didn't use the buzzwords clear, no mistake, little error? What do you mean by he didn't raise an allegation? He did file a notice of disagreement. He did file a notice. So he says you got it wrong. Now, what else did he have to do? He would have had to state, I believe, Your Honor, he would have had to state what they got wrong, why it was wrong, and how the outcome would have changed. And what in what he said did not meet that standard? No, it did not, Your Honor. And in what way? I believe that in his prior notices of disagreement, Mr. King merely alleged that he was entitled to an earlier effective date. So you believe, is it in the record, or are you guessing? It should be in the record, Your Honor. We don't have, in the appendix at least, what was filed before the board. We do have, however, his brief before the court, before the Veterans Court. But I didn't see, I looked for it and didn't find it. But, if anything, it had been filed in the procedure before the board. I believe, Your Honor, the record does contain Mr. King's letter, 1986 letter. Well, what I was looking for, actually, was something that would relate to either the 98 or the 2001 decisions before. Do you know if there was anything filed at that time? He's actually represented by the EAP at that point. Do you know if there was anything filed in the board proceeding to which we could look to make a judgment as to the nature of the claim he was making at that point? For the, I'm sorry, Your Honor, did you say for the 1998 board decision? Well, either 98 or 2001. Those are the two important board decisions, I guess, right? That's correct, Your Honor. He achieved some retroactivity to the 88 date. He did. So we don't really need to worry about that. Right. With respect to 88, the question is whether he had been asking for more and under what? Let me put it to you this way. If he had gone before the board and said with specificity, not only am I entitled to 88 because that was the date of my application, but I'm entitled to 78 because I think the original 78 decision, although final, was cute. Now, if he had said that with some specificity, the court of appeals decision in this case would be wrong, right? That's true, Your Honor. So my problem is we don't have anything here that indicates what it was that he did present to the board. Because he is, at least as I read his brief before the court, he's asking with at least some specificity for really going up to 78 on the theory, essentially. I'm not sure he uses that term. That's correct, Your Honor. In his brief to the veterans. Right. And the question is, we don't have the brief or whatever was filed to the board to see what the scope of his request was before the board. I believe, Your Honor, what we do have is his request and what happened was Mr. King requested an increase from 50% to 100% retroactive to 1978 in August of 1988. Right. That request is the beginning of this claim that's before you now. Right. And that request is found on page 165 of the record. Right. Okay, well then I'd like to take you back while we're still on this topic for the basis of your earlier statement that in his prior notices of disagreement, he did not say enough about why the decision was wrong. That's correct, Your Honor. I'm asking you the basis for your telling us that when there's nothing in the record to support it. Or I'm asking you what in the record supports your having told us that. Your Honor, I believe that the appendix contains Mr. King's notice of disagreement on February 2, 1978, in which he did not claim there was specificity, we believe. Where is that? That would be page 57 of the appendix, Your Honor. Okay, and the 1986 notice of disagreement? I believe, Your Honor, that would be page 123 of the appendix. So in the first one on page 57, he says, I do not feel my condition has improved. So you're saying that that's fatal because he didn't say how his condition had not improved? That is correct, Your Honor. And did anyone respond as far as you know and say in what way or whatever might have brought the veteran to the point of meeting this, I don't know what to call it. It's not so much that it's a rigorous requirement, but it does seem that here is a veteran, per se, writes out, he says, you got it wrong because my condition hasn't improved. And you say that wasn't enough. You have to tell us how it hasn't improved. And because you didn't, you lose 10 years of benefits. No, Your Honor, I believe that our position in this case is that those prior decisions were final decisions that can only be reopened on cue. And we feel that the letters that we've been discussing here, the notices of disagreement, did not meet the elements of a cue claim as this court has ruled in prior decisions of what a cue claim should contain. That's what I'm really trying to ask. Are you saying that this happened before the statute which confirmed that veterans should be helped along the way if their filings are not technically adequate? And therefore, since that was not the case in 1978, this veteran should take the consequences? Well, Your Honor, I believe what occurred here is that for this claim, it was remanded to the board after that act was passed. And the board did look to see if there was any new evidence or any evidence that would be relevant to give Mr. King the earlier effective date that he was asking for. And it found that there was no new evidence or further evidence that could help him because he was essentially challenging earlier prior final board decisions that could only be revised with a cue claim. Now, the opinion of the court says that the appellant raises cue claims for the first time on appeal and then adds, because there's no board decision addressing the allegations of cue, they're not properly before the court. Now, if he had raised, either in substance or in hyperbole, had raised cue claims before the board, but the board had just bypassed those claims and not addressed them, the Court of Appeals would still have jurisdiction, would it not? I'm not sure that it would, Your Honor, because I believe under Bagehot, the Veterans Court, to have jurisdiction over a claim must have a decision of the board before it. So the board can avoid review simply by ignoring claims that are made? Suppose you raise three claims and the board finds two of them to be uncomfortable, by hypothesis, and decides the easy one and then is completely silent with respect to the other two, the court cannot review the implicit holding by the board rejecting those claims simply because the board chose not to say anything about them, although nonetheless sustained the original office's action? Well, the Court of Veterans Claims could have remanded the issue back to the board to have been decided if the board did not address issues raised by the appellant. Because Mr. King did not present a cue claim to the board, but argued allegations of cue to the Veterans Court for the first time on appeal, the Veterans Court aptly concluded that this was improper and that they had no jurisdiction to review Mr. King's allegations of cue. Now, let me interrupt you for a minute. As is frequently the case, and there's nothing improper about this, but I see that there are many pages of the record, of which we have maybe, we'll talk about 60 of them here, the record seems to go up to page 542. Do you know if the record, the full record, which presumably contains all 542 pages, contains the briefs that were filed, whatever was filed, before the board prior to the 1998-2001 board decisions? What we've got here is the court saying that he didn't raise cue, and we really have no independent way of determining whether that's true or not. You say it's true, the court says it's true, but we're really not in a position on the basis of the paper we have in front of us to say. Yes, Your Honor, the record does contain those briefs. Where are they? Because the appendix does have a table of contents, which appears to cover all of the pages it does refer to. So which one is where in that table of contents? Do you have a site of the page number? That way we can identify it. I apologize, Your Honor, if you could give me a moment. There seems to be a veteran's letter listed at page 165. Is it correct for us to assume that both parties here have a copy of the entire record that we're discussing? We do, Your Honor. Yes, that is correct, Your Honor. It might expedite matters if you were to file as a supplemental appendix. No need to file a motion to say that we have requested. If you might agree between yourself who will support the filing, it would speed things up rather than have us go through the procedures of requesting it from the court. That's fine, Your Honor. We'll file a supplemental appendix. Okay, good. We'll leave it then for the government. For these reasons, this court should affirm the decision of the Veterans Court dismissing Mr. King's appeal for lack of jurisdiction. Okay, thank you. Mr. Fetty, you have some rebuttal time. Thank you, Your Honor. As the government has pointed out, Mr. King, as a veteran, did not follow the precise regulations, use the precise language that was necessary to properly bring the matters before the board or the court of appeals for veterans' claims. He wasn't pro se before the board. The Disabled American Veterans is a pretty sophisticated representative group, at least in my experience. Do you know offhand how they presented this case to the board? We'll find out, I guess, when we see what is in the records. But do you know exactly what they said to the board with respect to the reason that the date should be updated? Well, Your Honor, I apologize. I was actually referring to the initial notice of disagreement on February 28, 1978, when the veterans simply stated that. We're aware of that. I think what we're really focusing in on is the point made by the court, the Veterans Court, that nothing was said about Hugh explicitly or implicitly before the board. At least, that's what I'm focusing on. Have you looked at whatever it was that was filed before the board, either 1998 or 2001 proceedings, to confirm or reflect the court's conclusion with respect to what was raised before the board? Well, Your Honor, I apologize for not recalling, but in one of those particular appearances before the board, the veteran was not represented, as I recall. And, Your Honor, to be blunt, he presented paperwork that was a mess and just went on and on. This gentleman is schizophrenic. This gentleman has prescriptory disorder. So you can just imagine what he would write. Well, I have both the 1998, which appears on page 328, and the 2001, which appears on page 510, listed as represented by disabled Americans. Now, that may be irrelevant, but that's what the record seems to have done. Your Honor, he may have been represented at the actual board hearing. I see. that he had been administered some drugs during his service, his honorable service with the United States Air Force, that destroyed his body. He was way off point, Your Honor. But the bottom line is, Your Honor, that the court had jurisdiction because this was not about clear and unmistakable error. It was about examining the 1978 reduction that has never been examined by the board or the Court of Appeals for veterans' claims. Thank you. I think in view of these uncertainties, it might be that when you file the additional record as well, shall we accept additional briefing? Is that all right? Another ten pages or so to clarify some of the points that we've been talking about. If there are additional things that you want to point out in the record that's provided, we will receive it. And let's give, shall we provide a deadline? We don't want to put undue time pressures. Twenty, twenty-one days? Is that acceptable? Twenty-one. Would you like it to file? Well, if there is up to ten pages or more that you need to tell us, because you can see that we are looking into some of the earlier time frames to ascertain whether the court may have not looked into the full scope of what we may or may not decide they should have looked at. I don't know how much more guidance to give. Do you wish to comment on this? It may be that there's nothing more that we need to be told, but if there are gaps that you feel might be filled, we will receive what you want to tell us. I suggest that you exchange between yourselves what you tell us so that you have a chance to argue a little bit with each other as well. And let's aim for three weeks. Understood, Your Honor. Okay. All right, then. Thank you both.